IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MARLIN D. LONG, and**
**ROBERT T. AIKINS**

                      **Plaintiffs,**

                                                    CIVIL ACTION
        **vs.**                                          No. 02-3316-SAC

**DAVID R. MCKUNE, et al.,**

                        **Defendants.**

ORDER

    Plaintiffs proceed pro se and in forma pauperis in this civil action filed under 42 U.S.C. 1983, seeking damages for the alleged violation of their rights under the United States Constitution and state regulations.

    By an order dated May 24, 2005, the court directed plaintiffs to show cause why the complaint as amended by plaintiff Long should not be dismissed without prejudice, based upon plaintiffs' failure to demonstrate full exhaustion of administrative remedies on all claims presented in the amended complaint. See 42 U.S.C. 1997e(a)("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). Plaintiff Long filed a response. Plaintiff Aikins did not.

    In his response, plaintiff Long contends extensive

documentation provided in the record, including the exhibits attached to his response, demonstrate his full exhaustion of administrative remedies on his claims. This court's re-examination of the complete record does not support this contention.[1] Moreover, even if plaintiff Long's exhaustion of administrative remedies on his specific claims could be assumed, plaintiff Long does not address why the complaint is not subject to being dismissed pursuant to 42 U.S.C. 1997e(a) where plaintiff Aikins' failure to exhaustion administrative remedies remains evident on the face of the record. *See* Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1210-11 (10th Cir. 2003)(prisoner plaintiffs bear burden of showing full compliance with 42 U.S.C. 1997e(a)), cert. denied, 125 S.Ct. 344 (2004); Ross v. County of Bernalillo, 365 F.3d 1181 (10th Cir. 2004)(section 1997e(a) requires "total exhaustion;" prisoner complaint containing a mixture of exhausted and unexhausted claims is to be dismissed).

Accordingly, for the reasons stated herein and in the order dated May 24, 2005, the court concludes the complaint should be dismissed without prejudice pursuant to 42 U.S.C. 1997e(a).

IT IS, THEREFORE, BY THE COURT ORDERED that the complaint as amended is dismissed without prejudice, 42 U.S.C. 1997e(a).

---

[1] Plaintiff Long documents grievances in addition to those cited in the May 24, 2005, order, but significantly, the new exhibits show no exhaustion through the Secretary of Corrections on plaintiff's Long's grievances regarding his placement and continued confinement in administrative segregation at two correctional facilities, or regarding his requests for medical attention for swollen wrists and complaints of pain.

**IT IS SO ORDERED.**

DATED:   This 6th day of July 2005 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge